******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ECKER, J., with whom McDONALD, J., joins, concurring. I agree with the majority that there was no constitutional violation in the present case and that the defendant, Samuel U., therefore cannot prevail on his unpreserved claim that the state's notice of intent to admit evidence of uncharged sexual misconduct was inadequate under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). I further agree that the trial court did not abuse its discretion in admitting evidence of the defendant's prior sexual abuse of his daughter, S, to establish that he had a propensity to commit the type of crimes with which he was charged. I write separately, however, to highlight the grave dangers posed by the admission of evidence of uncharged sexual misconduct and the concomitant obligation of the state to provide timely, accurate and specific notice of such evidence so that the defendant has a full and fair opportunity to prepare a defense. I encourage the appropriate rule-making committee, whether that be the Code of Evidence Oversight Committee or the Rules Committee of the Superior Court, to consider proposing the adoption of a rule governing the timing and content of the state's notice of disclosure.

Pursuant to our case law and the Connecticut Code of Evidence, evidence of prior uncharged sexual misconduct "is admissible in a criminal case to establish that the defendant had a tendency or a propensity to engage in aberrant and compulsive sexual misconduct" if certain requirements are met. Conn. Code Evid. § 4-5 (b); see, e.g., *State* v. *DeJesus*, 288 Conn. 418, 473, 953 A.2d 45 (2008). I do not doubt that evidence of prior bad acts may be highly probative of the defendant's guilt. But that is precisely the problem—the incriminating impact of the defendant's past transgressions can impair the fact finder's ability to determine whether the evidence demonstrates, beyond a reasonable doubt, that the defendant committed the crime with which he is charged in *this* case. See, e.g., *State* v. *Antonaras*, 137 Conn. App. 703, 722, 49 A.3d 783 (recognizing that "evidence of child sex abuse is undoubtedly harmful to [a] defendant"), cert. denied, 307 Conn. 936, 56 A.3d 716 (2012). It is no overstatement to say that evidence of prior uncharged misconduct is "the most prejudicial evidence imaginable against an accused." (Internal quotation marks omitted.) *State* v. *McCarthy*, 156 Vt. 148, 155, 589 A.2d 869 (1991). This evidence consequently "can have a devastating effect on the defense." E. Imwinkelried, "The Worst Surprise of All: No Right to Pretrial Discovery of the Prosecution's Uncharged Misconduct Evidence," 56 Fordham L. Rev. 247, 249 (1987); see *United States* v. *Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (exclusion of propensity evidence typically

is "founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds"); *State* v. *Skillicorn*, 367 Or. 464, 478, 479 P.3d 254 (2021) (propensity evidence carries "the risk of unfair prejudice to the accused" because, "[a]mong other [reasons], propensity evidence can cause [fact finders] to convict for crimes other than those charged or [to] give more weight to the evidence than it deserves in assessing . . . guilt of [the] crime charged" (internal quotation marks omitted)). Indeed, empirical evidence suggests that the admission of uncharged misconduct evidence "significantly increases the likelihood of a finding of guilt" and can "effectively [strip] the defendant of the presumption of innocence." E. Imwinkelried, supra, 249.

Because of the devastating impact that uncharged misconduct evidence can have on the defense, procedural safeguards must be employed to ensure that the risk of prejudice is reduced to the greatest extent possible. Timely and adequate notice to the defendant is one critical component of this protection. To minimize the risk of prejudice to the defendant, the federal courts require the government to "(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial . . . ." Fed. R. Evid. 404 (b) (3). In sexual assault or child molestation cases, the federal rules are even more stringent. To admit evidence of uncharged sexual misconduct in these types of cases, the government "must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony . . . at least [fifteen] days before trial . . . ." Fed. R. Evid. 413 (b); accord Fed. R. Evid. 414 (b).

Consistent with the federal rules, many of our sister states have enacted rules or statutes requiring the state to provide the defendant with pretrial notice of its intent to admit evidence of uncharged misconduct. Some states have patterned their notice requirements on the Federal Rules of Evidence. See, e.g., Neb. Rev. Stat. § 27-414 (2) (2016); S.D. Codified Laws § 19-19-404 (b) (3) (West 2023); Ala. R. Evid. 404 (b) (3); Colo. R. Evid. 404 (b) (3); N.M. R. Evid. 11-404 (B) (3); N.D. R. Evid. 404 (b) (2) (LexisNexis 2018); Ohio R. Evid. 404 (B) (West Supp. 2021); Pa. R. Evid. 404 (b) (3). Other states have promulgated their own unique pretrial notice requirements. For example, in Florida, "[w]hen the state in a criminal action intends to offer evidence of other criminal offenses . . . no fewer than 10 days before trial, the state shall furnish to the defendant or to the defendant's counsel a written statement of the acts or

offenses it intends to offer, describing them with the particularity required of an indictment or information." Fla. Stat. Ann. § 90.404 (2) (d) (1) (West Cum. Supp. 2021). In Illinois, "[i]n a criminal case in which the prosecution intends to offer evidence [of uncharged misconduct], it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial . . . ." 725 Ill. Comp. Stat. Ann. 5/115-7.3 (d) (West Cum. Supp. 2020); accord Ill. R. Evid. 404 (c); see also Ariz. R. Evid. 404 (b) (3) (A) and (B) (West 2022) (requiring state to "make disclosure to the defendant as to such acts [of uncharged misconduct] . . . no later than 45 days before the final trial setting" and to "articulate in the disclosure the permitted purpose for which the state intends to offer the evidence and the reasoning that supports the purpose"); Cal. Evid. Code § 1108 (b) (Deering Supp. 2021) (requiring state to "disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered").

Pretrial notice of evidence of uncharged misconduct that includes a particularized description of the witness' anticipated testimony or the details of the alleged crimes serves the important purpose of avoiding undue "surprise" and "trial by ambush." E. Imwinkelried, supra, 56 Fordham L. Rev. 258. By providing the defense with advance notice of the uncharged misconduct evidence that the state seeks to admit, the defendant is given the opportunity to investigate the accuracy of the evidence, test its reliability, and produce witnesses to contradict, challenge, or rebut the evidence. See id., 258–59. Timely and adequate notice, in short, "give[s] the defendant an opportunity to meet the prosecution's case" and to mount an effective defense.[1] Id., 259.

For these reasons, I strongly encourage the adoption of a standardized rule governing the timing and content of the state's notice of disclosure of intent to admit evidence of uncharged misconduct at trial.

[1] These concerns are not merely hypothetical. Although the defendant's claim of deficient notice is not one of constitutional magnitude under the second prong of *Golding*, the state's notice of intent to introduce evidence of uncharged misconduct in the present case left much to be desired. The notice did not identify the name of the witness (S), summarize her anticipated trial testimony, or accurately describe the acts of uncharged sexual misconduct to which she ultimately testified at trial. I agree with the majority that these deficiencies did not render the testimony of S inadmissible under existing law, but I believe that they illustrate the need for a rule governing the adequacy of the notice that the state must provide.